HENRY W. GARDNER *v.* CHARLES T. JAMES.

THURSTON, GARDNER & Co. *v.* CHARLES T. JAMES.

SAME *v.* SAME.

It is a good plea in abatement of a writ served by attachment of real estate only, the officer returning that he had attached the right, title, interest, and property of the defendant therein, that, at the time of the service, the defendant had no property in the lands attached; nor is such plea waived, in Rhode Island, by filing at the same time, but subsequently in order, a plea to the merits, or an affidavit of merits in compliance with a rule of court.

A plea to the merits, first in order filed, is, however, a waiver of all subsequent pleas in abatement; the general rule of practice in this respect not being varied by the local practice.

THE three above entitled causes, which were actions of *assumpsit* upon promissory notes, or for money paid, were heard

together, upon the demurrers filed to the pleas in abatement therein.

In the *first* action, the writ was served, as appeared by the sheriff's return, by attachment only, " of all the defendant's right, title, interest, and property in and to " the estate whereon the defendant resided, and in certain lots of land, near the same, in the westerly part of the city of Providence. To this action the defendant pleaded, *first*, in abatement, that at the time of the pretended service of the writ, the property in the lands, &c. specified in the return upon the writ, was not in the defendant, but was in ———— ; and *secondly*, the general issue. To the plea in abatement the plaintiff demurred ; assigning as a *special* cause, that the plea did not set forth, in whom the title to the property attached, was, at the time of the service of the writ. He also moved, that the plea in abatement might be ordered to be stricken out, as involving unnecessary litigation and expense to the plaintiff.

To the *second* of the above actions, in which the writ was served and returned as in the first, the defendant pleaded, *first*, the general issue, and *secondly*, in abatement, as in the first action ; whereupon, the plaintiff demurred to the plea in abatement, and moved to strike it out, as in the former case.

To the *third* of the above actions, the writ in which was served only by the attachment of certain household furniture, returned by the sheriff as " set forth to me by one of the plaintiffs as the property of the defendant," the pleas, and order of pleas were the same as in the *second* action ; and to the plea in abatement, the plaintiff demurred, and moved, as before.

*Thurston*, in support of the demurrers :—

I. The practice of the courts of this state allowing questions of title to property attached to be determined, preliminary to a trial on the merits, on a plea in abatement, is bad ; not being authorized by the English practice, from which our system of practice is principally derived, nor recognized in any treatise of approved authority. The trial of the issue raised by such plea, determines no other question than that of service of the writ, which is entirely immaterial ; as after a verdict sustaining the plea, the court, in a case like this, after *appearance, plea and affidavit to*

*the merits*, would still take jurisdiction of the defendant's person. No person having any interest in the property attached, is concluded or affected either by a judgment on the merits of the action, or by a verdict and judgment on the plea in abatement in favor of the plaintiffs to the suit; nor do the plaintiffs gain more, by a decision in their favor, than a right of priority in the estate attached if the defendant has any interest therein. The practice above stated, leading as it does to the consumption of the public time without advancing one step in the progress of a cause, is against public policy, and is an onerous burden both on the public and upon suitors. In these particular cases, it is further urged, that the defendant, having appeared without protest, and in common form by attorney, submitting himself to the jurisdiction of the court by pleading to the merits, and by filing affidavits of defence, has *waived* the plea in abatement.

The only precedent to be found in the books for this plea, is contained in Story's Pleadings, p. 69; and even this precedent relates only to actions of replevin, and is the usual precedent of a plea in bar to such action. The notes to the plea only go so far, as to say, that this precedent may be used in answer to a suit in *replevin*, either in abatement or in bar. Story's Pleadings, 68, 69 ; *Quincy* v. *Hall*, 1 Pick. 357–360. No new doctrine is here intended to be asserted; but the same plea, as applicable to writs of replevin, outlawry for felony, alien enemy at the time of the contract, or 'attainder, is stated by Chitty as pleadable in abatement or in bar; but there the rule stops. Chitty's Pleadings, vol. 1, 447–451 ; Stephen on Pleading, 47, 48, 430.

The statute in force at the time provided, that a party could be brought into court in the following modes :—

1. By arrest and holding to bail. Pub. Laws, § 3, p. 113.

2. By summons, either actual or constructive. Ib. § 38, p. 122.

3. By attachment of property, either real or personal, Ib. §§ 3, 11, pp. 14, 15, in which case, a copy of the writ must be left at the usual place of abode of the defendant " with some person there, that the defendant may have knowledge of the suit;" and

in case of real estate attached, in addition to the above, notoriety is given to the act by the copy of the writ and return left with the town clerk. Ib. § 11, p. 115. The only case in which the return of an officer can be traversed is specially named in section 17.

II. Whatever may be the judgment of the court as to the propriety of the practice objected to, the plea in these cases is bad. It is not enough to say that the " property in the goods, chattels, and estate, so specified in said officer's return, on the back of said writ, was not in the defendant; " the plea should state that the defendant had no attachable interest in the property mentioned in the return. Chitty on Pleading, *237, *458 ; Stephen on Pleading, p. 379, Rule II. It should also set forth in whom the property was, in analogy to the rule, that pleas in abatement are required to give a better writ. Stephen on Pleading, p. 432. At least the presence of a blank in this description of plea is improper.

The plea commences and concludes with a prayer of judgment of the writ. Setting up matters *dehors* the writ, it should only conclude with such prayer. *Landon* v. *Roberts*, 20 Verm. (5 Washb.) 286 ; Chitty on Pleading, *461 ; 10 East, 86, 87.

But the defendant having appeared by attorney, voluntarily pleaded to the merits of the action, and filed affidavits of defence signed by himself, must be deemed to have *waived* the plea in abatement. *Potter* v. *Harrington*, 11 Pick. 221; *Barstow* v. *Fossett*, 11 Mass. 250; *Burnham* v. *Webster*, 5 Ib. 266; *Simonds* v. *Parker*, 1 Met. 508 ; *Commonwealth* v. *Lewis*, Ib. 151; *Brigham* v. *Clark*, 20 Pick. 43 ; *Sutton* v. *Cole*, 3 Ib. 232; *Robertson* v. *Lee*, 1 Stew. 141 ; *Wilson* v. *Oliver*, Ib. 46 ; *Egerton* v. *Hart*, 8 Verm. 207 ; *Knox & Crawford* v. *Summers & Thomas*, 3 Cranch, 496 ; *Sheppard & Duncan* v. *Peyton & Graves*, 14 How. 508; *Same* v. *Same*, Ib. 512.

*W. H. Potter*, with whom was *R. W. Greene*, in support of the pleas in abatement, insisted upon the long-settled practice of pleading in this state, and cited *Gould* v. *Richardson*, 6 Pick. 364 ; *Bartol* v. *Stanwood*, 7 Cush. 115.

BRAYTON, J. Under the statutes in force at the time of the

commencement of this suit, there were three modes of service of writs, by which the defendant might be held to answer to the plaintiff, giving to the court jurisdiction over the defendant's person : *first*, by arrest of the body : *second*, by summons : *third*, by attachment of the defendant's property : his goods and chattels, if his body could not be found within the officer's precinct, and his real estate, if his body could not be found within the state.

Either of these modes was sufficient to bring the cause to trial, and warranted a judgment *in personam* against the defendant, if he were domiciled in this state. The statute has provided no other mode of service to hold the defendant to answer; and if the writ be not served in one or more of these modes, the defendant has a right to make the objection. If it appear upon the face of the officer's return that any material requisite of the statute has not been complied with, and so, that there is a material defect in the service, the party may, by appearing for that purpose, move to dismiss the suit for want of service ; but whether the defect appear upon the return itself, or not, he is not precluded from making the objection. Any substantial defect of service is the proper subject of a plea in abatement. 10 Mass. 343 ; 12 Ib. 36 ; 14 Johns. 481 ; 1 Cow. 1.

The defendant is only bound to answer to the merits, when the writ is served in the manner provided by the statute. He may therefore object, if it be not substantially so served, and may aver such defect as a ground of abatement. He is, nevertheless, so far limited in the matter of such plea, that he cannot aver anything which contradicts the officer's return. From the very nature of the office of sheriff this must be so. The writ is directed to him with the command to make service thereof in the mode required by the statute ; and his duty is, to return his doings thereon, that it may appear thereupon, whether, in making that service, he has complied with the provisions of the law ; and that, by simple inspection of the return.

The plea, in the first of these cases, is not open to the objection that it contradicts the return of the officer. The officer avers in his return, that he has attached " all the right, title, and interest which the defendant had in the real estate described ; " without

averring that he had any interest therein, or that he had attached any estate of the defendant. In effect, he says, that if the defendant had any interest in the land described, he has attached that interest. The plea in nowise contradicts anything averred in the return, but, in substance, says, that in attaching all the defendant's interest, nothing of his was, in fact, attached; for that he had no interest in the property described; and since neither the body nor the goods and chattels of the defendant could be found, there was no other legal mode of service, to compel the defendant to answer, except to attach his real estate; and *that* the officer does not aver that he did, and *did* not, in fact. There seems to be no reason, therefore, why the defendant should not be permitted to aver the defect of service, in abatement of the writ. In the case of *Gould* v. *Richardson*, 6 Pick. 364, the same question was raised upon demurrer to a like plea, filed in that case; and the demurrer was overruled, and the plea sustained. In that case the defendant died after the service of the writ, and his administrator came in to defend, and put in this plea.

The plea states a substantial defect; the validity of the service, attempted to be made here, depending, not upon the mere fact that real estate has been attached, but upon the fact that the estate of the defendant has been. The defendant is not to be held by attaching the estate of another; and if it appears that the estate was not his, the service must be defective and insufficient.

The argument *ab inconvenienti*, urged by the plaintiff in support of the demurrer, is one, which, though it suggests difficulties which it might be desirable to avoid, is not of sufficient weight to control this question. They are, that the question of title, raised by the plea, determines merely the question whether the writ is served, and does not settle the title for any other purpose,—that no other person having an interest in the property is concluded by the payment,—that it leads to the consumption of time without advancing a step in the cause,—and is against public policy.

In these respects this plea is not peculiar. In no case of contested title does the judgment bind strangers to the suit. It binds merely the parties and their privies. The question is still left

open to every other claimant. The objection is no greater in this case than in all others. If we give full weight to the argument, we must reject every plea, the judgment upon which does not bind everybody else, as well as the parties. The only inquiry is, is the determination of the question raised by the plea necessary for the purposes of this suit? If so, it must be heard and determined; and there can be no choice; and no mere inconvenience can be regarded.

But it is urged, also, by the plaintiff, that the defendant cannot be allowed to insist upon this plea because he has appeared here by attorney, and submitted himself to the jurisdiction of the court by pleading to the merits, and filing affidavits of defence.

The defect of service which the defendant has pleaded, he had a right to insist upon if he would. It is his *privilege* to do so; but it is at his election to do so, or not. He may waive every such objection; and if he does once waive it, he cannot afterwards make the objection, either by motion or plea. If he plead to the merits without first insisting upon the objection, he is deemed to have waived it, and cannot afterwards plead that matter in abatement; and, at common law, pleading to the merits at all, before a judgment of *respondeat ouster*, would be a waiver of such plea in abatement. Under the practice universally prevailing in our courts, by which the defendant files all his pleas at the same time, whether in abatement or in bar, but in the regular order of pleading, first insisting upon the matter in abatement, it can hardly be held, that the filing of pleas in bar is a waiver of those in abatement. It is no injury to the plaintiff that they are filed in the first instance, and without an order to plead over; since he can by no possibility suffer any injury from it. On the contrary, it is so far for his benefit, that he has from the beginning, notice, in advance, of all the defences intended to be set up in the contingency that the plea in abatement should be overruled, and a judgment to answer further be given; and it saves, in such case, the delay incident to pleading over and replying.

Neither should the filing affidavits of defence, under the rules of this court, be deemed a waiver of this plea. The defendant

is required to make the affidavit upon the penalty of suffering judgment to be entered against him, as by default; and if the filing of such affidavit is to operate as a waiver of his plea, the rule would operate to compel a waiver in every case, which is contrary to the idea of waiver; that term implying a *voluntary* act, and not an enforced one.

Neither is it a waiver of the right to plead in abatement, that the party appears by attorney for that purpose, though it seems to have been held, in 3 Cranch, 496, that an appearance by attorney was a waiver of all defects of service, and a submission of the person to the jurisdiction of the court. It was held otherwise however in the case referred to; *Gould* v. *Richardson,* supra; and in 14 Johns. 481; 1 Cow. 1; and such has been the practice here. The demurrer to the plea in abatement in the first of the above cases, must therefore be overruled.

Two other cases, depending upon the same principles, were argued with the preceding, both in favor of Thurston, Gardner, & Co. against the same defendant, in one of which, the officer's return was the same as in this, and the same plea in abatement thereto, and in the other of which, the officer returned that he had attached certain household furniture, set out to him as the property of the defendant, without averring it to be his, and to which a similar plea in abatement was filed. These cases differ only in this, that the defendant *first* pleaded in bar, and afterwards in abatement. As a plea to the merits is, by the settled rule of pleading, a waiver of all pleas in abatement, and there is no practice in this respect to vary the universal rule, the demurrer filed in these cases must be sustained, and the defendant ordered to plead over.