## HERBERT A. POTTER v. WILLIAM G. SMITH.

The general rule of practice is, that all irregularities of process must be taken advantage of by motion or plea in the first stage of the process, and if not, are deemed to be waived. Hence, a motion by the defendant to dismiss a writ of replevin for want of a seal, was held to come too late after he had pleaded to the merits.

Such a defect is amendable, as a defect of form.

THIS was a writ of replevin, which, upon being called for trial to the jury at the present term of the court, the defendant gave notice of a motion to dismiss, on the ground that no seal was affixed to the writ. The plaintiff, at the same time, gave notice of a motion to amend the writ, by allowing the clerk of the court to seal the same. Both motions were agreed, by the counsel, to be heard by the full bench at the present term, and the case was thereupon stricken from the jury calendar. The facts which influenced the court in their decision upon the first motion, are sufficiently stated in the opinion of the court.

*James Tillinghast,* for the motion to dismiss.

*B. N. Lapham,* against it, and for the motion to amend.

BRAYTON, J. This suit was brought at the present term of the court. To the writ which issued in the case, and in obedience to which the defendant has appeared, no seal was affixed by the clerk. The defendant, according to the requirement of the statute, filed his pleas in defence in the clerk's office, six days before the sitting of the court. No plea in abatement was interposed, but the defendant proceeded at once to put his defence upon the merits, by pleading the general issue, and the cause was regularly placed upon the calendar of cases for trial to the jury; and on being called for trial on the 56th day of the term, the defendant interposed this motion,—that the action be dismissed for want of a seal to the writ.

Potter *v.* Smith.

The plaintiff has also moved, that the clerk of this court have leave to amend the writ by now affixing the seal of the court thereto.

The questions presented for the consideration of the court are, as to the motion to dismiss, whether it is now competent for the defendant to object to the writ in this particular, or that every such objection is waived by pleading to the merits; and as to the motion to amend, whether the writ is, in this particular, amendable.

As to the first point, the general rule, as stated by the court in *Ripley, ex'r, v. Warren,* 2 Pick. 592, is, that all irregularities of process shall be taken advantage of, by motion or plea, in the first stage of the process; and if then omitted, every such defect or irregularity is waived. In this case, the *teste* of the writ was not such as was required by the provision of the constitution, but it was held that by pleading the general issue, that defect was waived; and that when a party who might take advantage of a formal defect has chosen to insist upon the merits, he is justly considered to have waived the objection which he might have taken. In *Foot, ex'r, v. Knowles,* 4 Metc. 386, the seal affixed to the writ was not the seal of the court from which the writ issued. The case had been submitted to the judgment of the court, upon a statement of facts. It was held that it was too late, after such submission, to object to this defect in the process; that it was one which affected the regularity of the process only, and as such must be taken advantage of in due season; and, as in pleas in abatement generally, such objection cannot be taken after a plea to the merits, because, in pleading to the merits, the party consents to abide by the decision of the court upon that issue. In *Brewer* v. *Sibley,* 13 Metc. 175, the defect was the same want of a proper seal; and it was held that the objection was waived by omitting to take it at the first term. In 1 Iredel, N. C. 421, it was said that although a writ without a seal was no valid or legal citation to compel appearance, and the court would not after judgment by default amend the defect, yet, that an appearance and answer to the merits would waive not merely the defect, but all objections even to void process.

We must hold that the objection to the writ has been waived by the plea to the merits; and the defendant's motion is overruled.

This defect being waived, as all other irregularities of process are by the defendant's appearance and pleading to the merits, it is not necessary to consider the motion made by the plaintiff, for leave to the clerk to amend the writ in this case, by affixing the seal which he has omitted. It may be proper, however,—as the point is here made, that the writ, in this respect, is not amendable, and, with a view to settle a point of practice,—to dispose of this motion, as if it had been made before any waiver by the defendant of this defect.

Though it has been held in Maine, that a seal is matter of substance and not amendable, *Bailey, Judge,* v. *Smith,* 3 Fairfield, 196, and in *Hall, Judge,* v. *Jones,* 9 Pick. 446, a motion to amend by adding a seal was denied, the Supreme Court of Massachusetts holding that in that particular the writ was not amendable, the weight of authority, we think, is clearly in favor of such amendment; and the observation of the court, in *Foot, ex'r,* v. *Knowles,* 4 Metc. 383, that the want of a seal affected the regularity of the process only, would lead us to presume, that were the question now presented to the Supreme Court of Massachusetts, an amendment of *such* irregularity would be allowed, as of all others.

There are numerous cases where amendments of this kind have been allowed. In *People* v. *Steuben,* C. P. 5 Wend. 103, a seal was allowed to be affixed to a writ of *certiorari,* and in *Jackson* v. *Brown,* 4 Cow. 550, to a writ of *venire.* In *Lowe* v. *Morris,* 13 Geo. 147, a writ of error was amended by adding a seal; and it was said, that if the writ without a seal is a mere nullity, it could not be amended; but if not, then it is amendable, as a neglect of the clerk, or clerical omission. In *Cartwright* v. *Chabert,* 3 Texas, 261, a seal was allowed to be affixed to a writ of error; and we may say, as the court in that case said,—" we know of no rule of law which forbids the amendment of an omission or mistake in respect to a seal, rather than any other essential requisite, and it would be difficult to give a reason why this particular defect should be especially incurable."

These amendments are in the discretion of the court; and that discretion has been exercised at different times, and amendment allowed as to all other requisites of a writ; as, to the signature

of the clerk; the direction to the officer for service; the title of the writ; the statement of the cause of action; the time and place of appearance,—and all upon the ground, that they were irregularities of process, or mere omissions of the clerk.

If the principle, as referred to by Lord Kenyon, in 7 T. R. 698, as the one relied upon by Lord Hardwick, viz., that an amendment shall or shall not be permitted as it will best tend to the furtherance of justice, be allowed to govern, it would authorize this particular amendment. The omission of a seal is a defect which is less likely than almost any other requisite of a writ to mislead the defendant, and an amendment in that particular least likely to do him injustice, and most likely to avoid injustice to the plaintiff. Our statute of amendments is sufficiently broad, and its intent and purpose sufficiently clear, to authorize us to follow the rule of Lord Hardwick in this particular, and to allow the amendment asked by the plaintiff.