## C. C. GREENE & BROTHER *vs.* BENJAMIN TRIPP, City Treasurer of the City of Providence.

A statute being in force providing that "No attachment of property shall be made upon mesne process, unless an affidavit of the plaintiff, or of some person in his behalf, shall be indorsed on the writ, setting forth that the plaintiff has a just claim or demand against the defendant, upon which he has a reasonable expectation of recovering in said action a sum sufficient to give jurisdiction thereof to the court to which said writ is made returnable, and that the defendant has property which he does not intend to apply to the payment of the plaintiff's claim ":—

The plaintiffs sued out a writ of attachment with the following affidavit indorsed thereon: "I, C. C. G., one of the plaintiffs, and in behalf of the plaintiff copartnership named in the within writ, make affidavit and say, that I *verily believe* we have a just claim or demand against he defendant named in said writ, upon which we have a reasonable expectation of recovering in said action a sum sufficient to give jurisdiction thereof to the court to which said writ is made returnable; and that the defendant has property which he does not intend to apply to the payment of our said claim.

"(Signed) C. C. G.

" Subscribed and sworn to," &c.:—

*Held,* that the affidavit was insufficient and the attachment void; the words, "I verily believe," not importing the certainty required by the statute.

A garnishee cannot be held if the original attachment served on him is void, notwithstanding judgment has been obtained against the debtor defendant.

If a writ is served by summons and by foreign attachment, the court having jurisdiction of the case by virtue of the summons cannot, in the original action, consider the validity of the attachment.

CASE against the defendant as garnishee. Heard by the court. The plaintiffs sued one Isaac Austin,[1] by writ dated Novem-

---

[1] *C. C. Greene & Brother* v. *Isaac Austin,* 10 R. I. 311.

ber 10, 1870, service thereof being made on Austin by summons, and on the city of Providence by process of foreign attachment. Judgment was given for the plaintiff, but as the city of Providence denied the validity of the process against it, this action was brought.

When the writ against Austin was issued, a statute, Public Laws, cap. 857, § 4, March 31, 1870, was in force, providing that " No attachment of property shall be made upon mesne process, unless an affidavit of the plaintiff, or of some person in his behalf, shall be indorsed on the writ, setting forth that the plaintiff has a just claim or demand against the defendant, upon which he has a reasonable expectation of recovering in said action a sum sufficient to give jurisdiction thereof to the court to which said writ is made returnable, and that the defendant has property which he does not intend to apply to the payment of the plaintiff's claim."

The affidavit made on the writ against Austin was as follows : —

" I, Caleb C. Greene, one of the plaintiffs, and in behalf of the plaintiff copartnership named in the within writ, make affidavit and say, that I verily believe we have a just claim or demand against the defendant named in said writ, upon which we have a reasonable expectation of recovering in said action a sum sufficient to give jurisdiction thereof to the court to which said writ is made returnable ; and that the defendant has property which he does not intend to apply to the payment of our said claim. CALEB C. GREENE.

" Subscribed and sworn to in Providence, 10th day of November, 1870. D. B. POTTER, *Notary Public.*"

*January* 24, 1877. DURFEE, C. J. We have come to the conclusion that the affidavit in the original action was not such as was required to authorize an attachment. The statute required such an affidavit to set forth the existence of certain facts. The affidavit made, as to some of those facts at least, simply sets forth the affiant's belief in their existence. This was not enough. The statute is to be strictly construed. A person might be willing to swear to his belief when he would not be willing to swear positively. And it would be more difficult to

convict him of perjury for a false oath to his belief than for a false oath to facts positively taken. The attachment was therefore illegal. *Whitney* v. *Brunette*, 15 Wis. 61; *Lathrop* v. *Snyder*, 16 Wis. 293; Drake on Attachment, § 106, and cases cited.

The plaintiffs claim that, even if the attachment was illegal, the defendant, as garnishee, is held by it, because judgment was rendered against the defendant in the original action after he had appeared and pleaded to the merits. We do not think so. The original defendant was personally served, and therefore could not take advantage of any invalidity in the attachment; and the court, in rendering judgment, could not consider the attachment, having jurisdiction independently of it. See *Greene & Brother* v. *Austin*, 10 R. I. 311. How then can the liability of the defendant be established by the judgment, when the question of his liability was in nowise involved in it? The judgment is only a judgment against the original defendant, and is conclusive only as to his liability. The present defendant is not a party to it; his liability is to be determined in this action; he is liable if the plaintiffs have done all that is required by the statute to make him liable. This they have not done. The initial step was not taken as the statute requires, and therefore, in the view of the law, was not taken at all. The attachment was void; and we see nothing to estop the defendant from taking advantage of its invalidity. The garnishee's affidavit is conclusive only as to the facts disclosed by it.

The plaintiffs have cited cases to show that the garnishee is concluded by the judgment in the original action. The cases cited, for the most part, do not relate to defects in the process of garnishment, but to other defects, errors, and irregularities in the original action; and hold simply that the garnishee, when the judgment is sought to be enforced against him, cannot question or impeach its validity on account of them, unless they are such as to render it, not merely voidable, but absolutely void. We assent to that. We think the garnishee, *if properly served*, cannot escape his liability by showing that the judgment against the original defendant might have been avoided, unless he can also show that it is void. That is not this case: for here the garnishee was not legally served. Other cases cited are distinguish-

able from the case at bar on other grounds. The case most in point is *Schoppenhast* v. *Bollman et ux.* 21 Ind. 280. There the garnishment was defective, and yet the garnishee, who had paid over the money as if it were regular, was held to be protected against the claim of his creditor, because the creditor, who had answered the original action, had neglected to object to the defect. The case was peculiar in its circumstances, and seems to have been decided upon some ground of waiver or estoppel which we do not think is applicable to the case at bar.

The plaintiffs refer to the provision, Gen. Stat. R. I. cap. 197, § 15, which authorizes the garnishee, after final judgment against the original defendant, " to satisfy such judgment or any part thereof, to the amount of the estate attached ; " and contends that, under this provision, the defendant might safely satisfy their judgment, and that therefore it ought ·to be obliged to satisfy it in this action. This is too lax a construction of the statute. It is only when the estate is *attached*, or when the garnishee is protected by an adjudication of the court, that he can safely satisfy the judgment.

*Judgment for defendant for his costs.*

*Dexter B. Potter*, for plaintiffs.

*Nicholas Van Slyck*, City Solicitor, for defendant.