JOSEPHINE MELLEN *vs.* CHARLES H. BATTEY.

PROVIDENCE—FEBRUARY 8, 1901.

PRESENT: Stiness, C. J., Rogers and Douglas, JJ.

(1) *Pleading and Practice. New Trial.*

A petition for a new trial does not lie under Gen. Laws R. I. cap. 251, § 5, from an interlocutory ruling of the Common Pleas Division, but only after a final adjudication upon some question which for the time being is decisive of the rights of the parties so far as that Division is concerned.

(2) *Writs.*

The direction to summon the defendant contained in an original writ of attachment under Gen. Laws R. I. cap. 252, §§ 15-16, does not have the

effect of incorporating two distinct writs into one, but is simply a warrant to the officer to serve. the writ in both methods.

(3)  *Breach of Marriage Promise.  Attachment.  Procedure.*

*Semble,* that there is no statute conferring jurisdiction upon the court to dissolve an attachment of real estate.
Citing *Wood* v. *Watson,* 20 R. I. 223.
*Quære,* whether, if the attachment were found to have been illegally made, the court could order it dissolved as being an abuse of process.

ASSUMPSIT for breach of promise of marriage.  The facts are fully stated in the opinion.  Heard on petition of defendant for new trial, and petition dismissed.

TILLLINGHAST, J.  This case is not properly before us.  It is an action of assumpsit for breach of promise of marriage, and is now pending for trial in the Common Pleas Division. A motion was made by the defendant in that Division that the attachment of his real estate be dissolved on the ground that it was not liable to attachment in such an action.  This motion was denied, and the defendant excepted thereto.  He thereupon filed a bill of exceptions which was allowed by the justice presiding, and the case was sent to this court on the defendant's petition for a new trial based upon an alleged erroneous ruling in refusing to dissolve said attachment.

(1)     This court cannot entertain a petition for new trial until the case has been tried or in some way disposed of by the Common Pleas Division.  In other words, a case cannot be brought here piecemeal.  It must come as a whole and only after final adjudication upon some question which, for the time being at any rate, is decisive of the rights of the parties so far as the Common Pleas Division is concerned.  *Taylor* v. *Loomis,* 21 R. I. 277.  Until some final decision is rendered by that Division, a party to the suit cannot be said to be "aggrieved by any direction, ruling, or decision," therein, within the meaning of the statute relating to petitions for new trial (Gen. Laws R. I. cap. 251, § 5), so as to give him a standing in this court.  Were it otherwise, any interlocutory ruling in that Division might bring the case here and thus indefinitely prolong the litigation to the great and unnecessary expense of the parties and also to the great and

unnecessary annoyance of the court. It would also raise many questions for decision which would finally be found to have been wholly immaterial. Under our well-settled practice no such proceeding is or ever has been allowable.

(2) The contention of the defendant's counsel that this court has jurisdiction in the premises because two writs are really incorporated in one, that is, a writ of attachment and also a writ of summons, and that they are practically separate and independent proceedings, is wholly untenable. Every original writ of attachment must also be a writ of summons under the statute, Gen. Laws R. I. cap. 252, §§ 15–16, but this only has the effect to warrant the officer in serving it in both methods, and not to make two writs out of one.

(3) But even if the case were properly before us, we know of no provision of the statute which would warrant us in dissolving the attachment. See *Wood* v. *Watson*, 20 R. I. 223. Whether, if found to have been illegally made, we could order it dissolved as being an abuse of the process of the court, or for any other reason, we are not now called upon to decide.

The authorities relied on by defendant in support of the jurisdiction claimed depend upon statutes so materially different from ours that they cannot be held to be controlling.

Petition for new trial dismissed.

*Clarke H. Johnson,* for plaintiff.

*Ezra J. Parker and Job S. Carpenter,* for defendant.