Tananevicz v. Lamczyk.

## John M. Tananevicz v. J. I. Lamczyk et al.

### Gen. No. 13,138.

1. ADMISSION—*effect of, by counsel.* An admission of a material fact made during the trial of a cause by counsel therein, precludes the necessity of proving such fact.

2. CONTRACT—*will not be enforced for work done in violation of ordinance.* Compensation for the laying of a sidewalk cannot be recovered where the contractor laying the same knew at the time when he did so that he was laying a sidewalk above the established grade of the city in which such sidewalk was laid.

Action commenced before justice of the peace. Appeal from the County Court of Cook county; the Hon. WILLIAM C. DeWOLF, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed, with finding of facts. Opinion filed May 28, 1907.

JAMES J. BRADY, for appellant.

A. G. DICUS, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiffs sued defendant before a justice of the peace to recover the agreed price for the laying of a cement sidewalk by plaintiffs for defendant. The case was taken to the County Court by appeal and in that court there was a verdict for plaintiffs for $187 and judgment thereon, to reverse which defendant prosecutes this appeal.

The contention of appellant is that the sidewalk in question was laid in front of 3244 South Morgan street in the city of Chicago; that it was agreed between the parties that said sidewalk should be laid, and it was laid, thirteen inches above the grade established by the ordinance of the city of Chicago; that the contract was therefore unlawful and cannot be enforced.

That a court will not enforce a contract made in violation of law, that city ordinances have the force of law and contracts in violation of them are illegal and will not be enforced, is not disputed.

The contention of appellees is, that no ordinance of the city of Chicago establishing the grade of the sidewalk in question was either pleaded or proved, and that it was not even proved that the sidewalk in question was in Chicago.

The suit, as has been said, was originally brought before a justice of the peace. No written pleas were required, and it is presumed that all proper pleas were orally pleaded.

Plaintiff Jorkowski was the only witness called for the plaintiffs. He testified that the sidewalk was constructed above the grade; that defendant insisted that it should be so constructed. On his cross-examination he testified in part as follows:

"Q. Did you tell Tananevicz at any time anything about the city ordinances, what they required? A. I told him before we built the walk.

Q. You told him about the city ordinances? A. Yes, sir.

Q. What did you tell him? A. I told him, then I set my figures according to the city ordinance, and he says he want above that. I says, 'I am going against the rule, against the city ordinance.' He says, 'I don't care, I am the one to pay for the walk, I want to get the walk built the way I want it; I have a pull with the alderman.' "

The first witness called for the defendant was Charles A. Jones, who testified that he was an engineer in the sidewalk department of the city of Chicago. Upon his examination, the following occurred. The witness was asked by defendant's attorney: "While in the sidewalk department did you at any time examine the cement sidewalk in front of 3244 South Morgan street in the city of Chicago?"

Mr. Dicus. (Plaintiffs' attorney.) "Objected to."

Mr. English. (Defendant's attorney.) "I want to prove by this witness that the sidewalk is thirteen inches above the authorized grade. If they will admit that I will not have to prove it."

Mr. Dicus. "I do not know how far it is."

The Court. "Say thirteen inches, then. Will you admit that?"

Mr. Dicus. "Yes."

(Witness excused.)

The question was as to a sidewalk in the city of Chicago; the admission was as to the sidewalk described in the question, and was an admission that such sidewalk was in the city of Chicago.

Grades are established by ordinance. To prove that the sidewalk was above grade, the defendant must first show the grade and then that the sidewalk was above such grade.

The admission that the sidewalk, "was thirteen inches above the authorized grade," was in effect an admission that a grade had been established by ordinance, and that the sidewalk was thirteen inches above the grade so established. In the face of the admission made by their counsel upon the trial, the appellees cannot here be heard to say that there was no evidence that the grade had been established by ordinance.

It is immaterial what penalties, if any, the ordinance provided for its violation. The convenience and safety of the public require that sidewalks in front of adjoining premises shall be of the same level or grade. The plaintiffs knowingly laid a sidewalk thirteen inches above the established grade, and the courts will not aid them to recover compensation therefor.

The judgment will be reversed with a finding of facts.

*Reversed with a finding of facts.*