G. M. Scotti vs. District Court of Tenth Judicial
District.

MARCH 12, 1920.

Present: Sweetland, C. J , Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) Oral Statement of Facts in-District Court. -

Where an oral statement of facts was agreed upon in a district court by the attorneys for the parties, as such statement was not in writing the court could not certify the action to the Supreme Court under Gen. Laws, cap. 298, sec. 4, and therefore it retained jurisdiction of the action.

(2) Oral Statement of Facts. Decision.

An oral agreement on a statement of facts in a district court by attorneys for the parties to a cause precludes the necessity of proving such facts and such admission binds the parties and the court is warranted in entering a decision thereon.

(3) Certiorari.

Certiorari lies to review the action of an inferior tribunal taken without jurisdiction or in excess of its jurisdiction and not to correct error in the exercise of jurisdiction. The scope of the writ has never been extended to the consideration of alleged error for the correction of which other remedy is expressly provided.

CERTIORARI. Heard on petition for writ and writ issued and dismissed.

SWEENEY, J. This is a petition for a writ of certiorari to be directed to the District Court of the Tenth Judicial District ordering said court to certify for our inspection its record relating to an action, entitled "Piemont Winery v. G. M. Scotti," to the end that so much of said record as may be found to be illegal may be quashed. The writ of certiorari was issued as prayed for, and said record has been certified to us.

It appears from an inspection of said record that the original writ of summons in said case was duly entered in said district court July 19, 1918, answered by the defendant, and continued. The case was thereafter continued nisi until November 19, 1919, when the attorneys for the parties signed an agreement stating that the case be assigned for trial December 2, 1919. The record also shows that December 2, 1919, the case was "Submitted on oral statement of fact—continued to Dec. 16, 1919 for decision, briefs to be filed Dec. 9, 1919. Dec. 16, 1919, decision for plff for

$178.44 debt 3.50 costs. L. J. Tuck Justice." Among the papers in the case is a translation of the contract between the parties, and a brief filed December 9, 1919, in behalf of the defendant Scotti, in which he claimed that the contract was illegal because it required him to engage in an unlawful business in this State.

(1) The petitioner avers that at the trial in the district court, counsel for both sides orally agreed on a statement of facts, without calling any witnesses or presenting any sworn testimony, and he now claims that the action of the court, in entering decision for the plaintiff without any sworn testimony being presented, was illegal. As the statement of facts agreed upon in open court by the attorneys representing the parties was oral, and not in writing, the district court could not certify the action to the Supreme Court under the provisions of Section 4, Chapter 298, General Laws, 1909, and therefore it retained jurisdiction of the action.

(2) It is well established law that admissions of attorneys of record bind their clients in all matters relating to the progress and trial of the case; and the admission of material facts, when made by attorneys in the trial of the case, precludes the necessity of proving such facts. 1 Greenl. Ev. secs. 186, 205; 1 R. C. L. Sec. 4, page 469; *Tananevicz* v. *Lamczyk*, 134 Ill. App. 135; *Lewis* v. *Sumner*, 13 Met. 269. Courts are warranted in acting upon the admissions of counsel in the trial of a case. They are officers of the court and represent their clients and their admissions thus made bind their principals. *Pratt* v. *Conway*, 148 Mo. 291.

(3) The primary purpose of a writ of *certiorari* is to review the action of an inferior tribunal taken without jurisdiction, or in excess of the jurisdiction given to it, and ordinarily such a writ does not lie to correct error in the exercise of jurisdiction. The scope of the writ has never been extended to the consideration of alleged error for the correction of which other remedy is expressly provided. *Cohen* v. *Superior Court.* 39 R. I. 272; *Parker* v. *Superior Court*, 40 R. I. 214.

The district court having jurisdiction of the case, and the attorneys for the parties orally agreeing, in open court, on a statement of facts sufficient to enable the court to apply the law as it determined it to be, the action of the district court in rendering its decision in said case on the day appointed, was legal. If the defendant was aggrieved by this decision he had the privilege of claiming a jury trial within two days after the decision was made. As the extraordinary writ of *certiorari* does not lie where the law has expressly provided such a simple, clear and complete remedy for the aggrieved party, as in this case, the writ of *certiorari* is dismissed, and the record and papers in the case, entitled *Piemont Winery* v. *G. M. Scotti*, sent to us by said district court are remitted to said court.

*Pettine & De Pasquale*, for petitioner.

*Thomas P. Corcoran*, for respondent.