BRADFORD ESTATE COMPANY *vs.* WILLIAM J. BROWN *et al.*

JANUARY 12, 1932.

PRESENT: Stearns, C. J. Rathbun, Sweeney, Murdock, and Hahn, JJ.

Murdock, J. This is a bill in equity brought for the purpose of removing a cloud upon the title of real estate owned by the complainant. Respondents demurred to the bill; the demurrer was sustained in the Superior Court and a decree was entered dismissing the bill. The cause is here on complainant's appeal from said decree.

The respondent Brown by writ of attachment commenced an action at law against Bradford Campbell in which he obtained judgment. Before the formal entry of judgment said Campbell conveyed the property purported to be under attachment to the Bradford Estate Company, the complainant herein.

It is contended in behalf of the complainant that the attachment does not create a valid lien on its property because (1) the attachment was void in that the affidavit attached to the writ was made after the issuance thereof and (2) that the sheriff's description of the property in his return on the writ was too vague and uncertain to create a lien on the property in question.

Our statute governing writs of attachment requires that before such writs are issued, the plaintiff or his agent or attorney shall make an affidavit to be indorsed thereon or annexed thereto that the plaintiff has a just claim against the defendant. G. L. 1923, Chap. 349, Sec. 14.

The writ was dated July 9, 1928; the affidavit indorsed thereon was dated July 12 and the writ was served on defendant July 16.

Writs bearing the seal of the Superior Court and a facsimile of the signature of the clerk are delivered in blank to attorneys on request. These writs are filled out as occasion arises and when delivered to an officer, with absolute direction that they be served, the action is deemed to have been commenced as of the date of the writ. *Hail* v. *Spencer,* 1 R. I. 17; and see *Cross* v. *Barber,* 16 R. I. 266.

The provision of the statute requiring an affidavit to be indorsed on or annexed to the writ is intended to afford a defendant some measure of protection from having his property encumbered at the instance of a plaintiff whose claim may be groundless. The purpose of the statute is fulfilled if the writ when it is delivered to the officer for service has indorsed thereon or annexed thereto the affidavit required by the statute.

To adopt the view of the complainant and hold that the affidavit must bear the same date as the writ would not in any sense effect the right intended to be secured to the defendant by the statute. This right is as fully protected, if the affidavit is made prior to the delivery of the writ to an officer for service, as though said affidavit bore the same date as the date of the writ.

Complainant's second contention is that the description of the property in the sheriff's return is too vague and uncertain; said description is as follows: "Those two certain lots of land with all the buildings and improvements thereon situated in the City and County of Providence, State of Rhode Island, the same being located on the northwesterly corner of Angell Street and Butler Avenue and on the northerly side of Elton Street, and howsoever otherwise bounded or described are the lots respectively described and designated as lots Nos. 258 and 552 on Plat No. 39 of Plats of the Assessors of Taxes of said City of Providence at the office of said Assessors at the City Hall in said Providence, reference thereto being hereby had."

Section 12, Chapter 350, General Laws 1923, provides that the officer's return in a writ of attachment shall include

a general reference to the real estate attached. The weight of authority is to the effect that the description of the land in a writ of attachment need not be as specific as in a deed. As the object of the attachment is to secure control of the property until the suit is terminated, a description which affords means of identification is sufficient. 6 C. J. 253.

The complainant does not set forth in the bill that it owns other land to which the description in the officer's return might apply or that the reference to the tax assessor's plat is incorrect. The description is therefore definite enough to afford means of identifying the land described in the return.

Our determination is that the writ of attachment is not invalid for the reasons set forth in complainant's bill.

The complainant's appeal is denied and dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Boss & McMahon,* for complainant.

*John P. Beagan, William J. Brown,* for respondents.