THE WASHINGTON TRUST COMPANY *vs.* FREDA B. BISHOP.

APRIL 13, 1951.

PRESENT:   Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This action in assumpsit on a promissory note is before us on plaintiff's bill of exceptions. The only exception is to the decision of the superior court dissolving an attachment as illegal.

The action was commenced by writ of attachment returnable to the district court of the third judicial district. The writ was served by attaching certain real estate of the defendant in the town of South Kingstown, and service thereof on the defendant was accepted by her attorney. Following a decision for the plaintiff in the district court the defendant appealed to the superior court where, before pleading to the merits, she filed a plea in abatement in accordance with general laws 1938, chapter

526, §3. That plea in substance alleged that the writ of attachment should be quashed because the affidavit endorsed thereon was not made by the plaintiff, its agent or attorney, as prescribed by G. L. 1938, chap. 546, §1. A replication denying the allegations of the plea was thereafter filed by the plaintiff. After a hearing on the issue thus raised the trial justice dissolved the attachment but refused to quash the writ on the ground that it was valid as a writ of summons. The correctness of such decision is now before us for determination.

At the hearing in the superior court on the plea and replication plaintiff's attorney admitted that Anne E. Ward, the person who made the affidavit endorsed on the writ, was the "secretary" in his office who "handles these matters." It is clear from the transcript that in making the affidavit Miss Ward, an employee of the attorney and under his exclusive control, acted as his agent and not as agent for the plaintiff. In the circumstances plaintiff's claim that the defendant presented no proof in support of the plea in abatement is therefore without persuasive force, as admissions by an attorney of material facts incidental to the prosecution and management of a case ordinarily preclude the necessity of proving such facts. *Scotti* v. *Tenth District Court*, 42 R. I. 556; *McLyman* v. *Miller*, 52 R. I. 374.

Under our practice a writ of attachment shall not issue unless it satisfies the requirements of G. L. 1938, chap. 546, §1. It is there provided that an original writ commanding the attachment of the real or personal estate of a defendant may be issued "whenever the plaintiff in the action to be commenced by such writ, *his agent or attorney*, shall make affidavit, to be indorsed thereon or annexed thereto, that the plaintiff has a just claim against the defendant, that is due * * *." (italics ours) The purpose of such provision is to afford a defendant some measure of protection from having his property encumbered at the instance of a plaintiff whose claim may be

groundless. *Bradford Estate Co.* v. *Brown,* 52 R. I. 103, 105. To that end the statute is to be strictly construed. *Greene & Brother* v. *Tripp,* 11 R. I. 424, 425.

An original writ of attachment is one writ commanding both the attachment of property and the summons of the defendant. It does not incorporate two writs in one as separate and distinct proceedings. General laws 1938, chapter 546, §3, provides that an original writ of attachment shall be also a writ of summons. The only effect of such dual aspect of the writ is "to warrant the officer in serving it in both methods, and not to make two writs out of one." *Mellen* v. *Battey,* 22 R. I. 395. Therefore the invalidity of the writ as to the attachment does not make it invalid as a writ of summons provided service is properly made on the defendant. If there is no such service the writ will be quashed upon proof under a plea in abatement of the falsity of the affidavit. *Kelley* v. *Force,* 16 R. I. 628. See *Industrial Trust Co.* v. *LeBaron,* 61 R. I. 69, 75.

Plaintiff first contends that because the defendant had pleaded to the merits by a general appearance in the district court she had thereby waived the right to file the present plea in abatement in the superior court. As authority for that proposition it cites *Gardner* v. *James,* 5 R. I. 235, and *Potter* v. *Smith,* 7 R. I. 55. Those cases would be in point were it not for the fact that general laws 1938, chapter 526, §3, now provides that in any case certified to the superior court on appeal from a district court either party may, within a specified time, file such further pleas, legal or equitable, as he may see fit and thereafter all proceedings had thereon shall be as if originally the writ had issued from and the case entered in the superior court. Since the defendant filed in that court the plea in abatement before a plea to the merits the contention is not sound.

The real question in the case is whether an attorney who intends to issue a writ of attachment can delegate

his authority with reference to the affidavit required by the statute to a person in his employ and under his exclusive control without express authorization from the client. The statute is clear and, as hereinbefore stated, is to be strictly applied in order to attain its intended purpose. An attorney is an agent employed by a party to a case to manage the same for him. *McLyman* v. *Miller, supra.* The relation thus created is one of the utmost trust and personal confidence. Where an agency of such character exists, requiring as it does the exercise of special knowledge, judgment and discretion, it is generally held that the agent may not delegate the performance of his duties in the matter without express authority from the principal unless such power is necessarily implied for the proper execution of the agency. This rule, which is so fundemental as to require no citation of authorities, does not apply if the delegated act is ministerial only.

The facts in the record before us bring the case within the general rule and not the exception. The statute is mandatory and its provisions respecting the affidavit necessary to warrant the issuance of a writ of attachment should be strictly observed. See *Greene & Brother* v. *Tripp, supra.* The making of the required affidavit is a solemn and not a ministerial act. Laxity in practice based upon convenience is no excuse for noncompliance with the statute. The fact that heretofore writs of attachment with affidavits similar to the one in the instant case may have gone unchallenged does not establish either the soundness of such practice or the legality of the affidavit under consideration.

Having in mind the clear and positive mandate of the statute it is our judgment that, in the absence of express or necessarily implied authority from the client, an attorney is not warranted in delegating the making of the required affidavit in a writ of attachment to an employee of his who is not connected with or answerable to the client. In the instant case the plaintiff did not expressly authorize

Miss Ward, the attorney's secretary, to make the affidavit as its agent, nor was such authorization necessarily to be implied from the mere retention of her employer as its attorney. Since the affidavit presently before us was not made as the statute requires there was no legal basis for the attachment. After careful consideration we are of the opinion that the trial justice did not err in dissolving the attachment and in refusing to quash the writ, which remained valid under our practice as a writ of summons because of service on the defendant independently of the attachment.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Harold B. Soloveitzik,* for plaintiff.

*William H. Leslie, Jr.,* for defendant.